### UNITED STATES v. LEHIGH VALLEY CO-OP. FARMS, Inc., et al.

### No. 4432.

District Court, E. D. Pennsylvania.

April 19, 1945.

Gerald A. Gleeson, U. S. Atty., and James P. McCormick, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Butz, Steckel, Hudders & Rupp, of Allentown, Pa., for defendants.

KALODNER, District Judge.

This is an action for a preliminary injunction brought by the United States of America to prevent and restrain violations of the Act of Congress of June 28, 1940, 54 Stat. 676, entitled "An Act To expedite national defense, and for other purposes," as amended by the Act of Congress of May 31, 1941, 55 Stat. 236, herein referred to as the "National Defense Act," 50 U.S.C.A. Appendix, § 1151 et seq., and as amended by the Act of Congress of March 27, 1942, 56 Stat. 176, entitled "An Act To further expedite the prosecution of the war", herein referred to as the "Second War Powers Act, 1942", 50 U.S.C.A. Appendix § 631 et seq., and of regulations and orders issued thereunder as hereinafter more fully set forth.

The jurisdiction of this Court is based upon Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), and the Second War Powers Act, 1942, mentioned above.

The sole question for determination is whether defendants delivered milk, cream and butterfat-in-cream, in excess of the quotas established by the said Food Orders Nos. 79 and 79.33 contrary to the provisions of the said Orders.

After consideration of the testimony and pleadings and the arguments of counsel, I make the following findings of fact:

1. The defendants, Lehigh Valley Co-operative Farms, Inc., a corporation, and G. A. Boger, President; M. A. Herber, Vice-President; Fred B. Lynn, Secretary, F. D. Heckman, Treasurer; were, and still are, engaged in the handling of milk, milk by-products and cream, at Allentown, Lehigh County, Pennsylvania, and are "handlers" as that term is defined in paragraph (a) (2) of War Food Order No. 79.

2. The War Food Administrator, pursuant to authority vested in him, issued War Food Order No. 79, effective September 10, 1943. The Director of Food Distribution, pursuant to authority vested in him, issued War Food Order No. 79.33, effective October 10, 1943 and War Food Order No. 79.102, effective December 1, 1943.

3. War Food Orders Nos. 79, 79.33 and 79.102 were and still are in full force and effect.

4. That between July, 1944, and November, 1944, the defendants, in violation of War Food Orders Nos. 79 and 79.33, delivered milk, cream and butterfat-in-cream, in excess of the amounts authorized by the aforesaid War Food Orders.

## Discussion.

The testimony clearly established the delivery by the defendants, of milk, cream and butterfat-in-cream, in excess of the quotas established by the said Food Orders Nos. 79 and 79.33 contrary to the provisions of the said Orders.

It is clear that the issuance of a preliminary injunction is necessary to prevent immediate and irreparable damage, for the reason that if the defendants continue to violate Food Orders Nos. 79 and 79.33, the plaintiff will be prevented from properly controlling and insuring an adequate supply and efficient distribution of milk, cream and butterfat-in-cream to meet war and essential needs, according to the necessity of national defense and the war effort and the conserving the supply thereof.

Accordingly, I state the following conclusion of law:

The delivery by the defendants, of milk, cream and butterfat-in-cream, in excess of the quotas established by the said Food Orders Nos. 79 and 79.33 is contrary to the provisions of the said Orders.

An injunction may issue and an order may be submitted in accordance with this opinion, the order to be effective as of April 1, 1945, in accordance with ruling made at time of hearing on March 20, 1945.